[794 NYS2d 673]

In the Matter of JOSEPH T. MARTELLO (Admitted as JOSEPH THOMAS MARTELLO), an Attorney, Resignor.

Second Department, May 9, 2005

### APPEARANCES OF COUNSEL

*Rivkin Radler LLP*, Uniondale (*Peter C. Contino* of counsel), for resignor.

Faith Lorenzo, Hauppauge (*Nancy A. Gabriel* of counsel), for Grievance Committee for the Tenth Judicial District.

### OPINION OF THE COURT

Per Curiam.

Joseph T. Martello has submitted an affidavit dated November 3, 2004, wherein he tenders his resignation as an attorney and counselor-at-law (see 22 NYCRR 691.9). Mr. Martello was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on January 18, 1995, under the name Joseph Thomas Martello.

Mr. Martello has been informed by Grievance Counsel that evidence of professional misconduct has been adduced by the Committee's ongoing investigation and that charges based thereon would be prosecuted in a disciplinary proceeding to be recommended to the Court. These include allegations that he failed to preserve client funds in the following sums and on behalf of the following persons: $1,913.34 for Lotoya Baines; $7,913.34 for Colleen Williams Henry; $8,746.67 for Jacqueline Alvares; and $5,430 for Cherry Ann Harewood. All sums were paid in full before the commencement of the Grievance Committee's investigation.

Mr. Martello avers that he cannot successfully defend himself on the merits of any disciplinary charges which have been initiated against him by the Grievance Committee based upon the foregoing conduct. He acknowledges that his resignation is freely and voluntarily tendered and that he is not being subject to coercion or duress by anyone. Mr. Martello has discussed his decision to resign with others whose advice and counsel he respects and he is fully aware of the implications of its submission, including being barred by Judiciary Law § 90 and the rules of the Appellate Division from seeking reinstatement for at least seven years.

Mr. Martello further avers that his resignation is submitted subject to any application which could be made by the Grievance Committee for an order directing that he make restitution and that he reimburse the Lawyers' Fund for Client Protection, pursuant to Judiciary Law § 90 (6-a). He acknowledges the continuing jurisdiction of the Court to make such an order, which could be entered as a civil judgment against him, and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee urges acceptance of the proffered resignation.

Inasmuch as it complies with all appropriate Court rules, Mr. Martello's resignation is accepted, and effective immediately, he is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., FLORIO, H. MILLER, SCHMIDT and FISHER, JJ., concur.

Ordered that the resignation of Joseph T. Martello, admitted as Joseph Thomas Martello, is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Joseph T. Martello, admitted as Joseph Thomas Martello, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Joseph T. Martello, admitted as Joseph Thomas Martello, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Joseph T. Martello, admitted as Joseph Thomas Martello, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the resignor, Joseph T. Martello, admitted as Joseph Thomas Martello, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).

[Next page is 201.]